**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ERIC JALLAYOU,<br><br>    Petitioner,<br><br>v.<br><br>JAMES KIMBLE, KATRINA KANE,<br>JANET NAPOLITANO, ERIC H.<br>HOLDER, JR.,<br><br>    Respondents. | CIV 09-01592 PHX MHM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

Mr. Eric Jallayou ("Petitioner"), who is represented by counsel in this matter, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on August 3, 2009, asserting his continued detention by Respondents pending his removal from the United States violated United States law.

**1. Procedural History**

Petitioner is a native and citizen of Liberia. See Docket No. 1. Petitioner entered the United States on or about April 9, 2004. Id. Petitioner was taken into the custody of United States Immigration and Customs Enforcement ("ICE") on or about March 19, 2009. In his federal habeas petition, Petitioner asserted his detention by ICE was in violation of federal statutes and his rights pursuant to the United States Constitution. The relief sought in the petition was

declaratory, i.e., that Petitioner's detention was not authorized, and Petitioner's immediate release from custody.

Petitioner also filed a motion for preliminary injunctive relief. <u>See</u> Docket No. 2. Petitioner also filed a motion for joinder, a motion to consolidate cases, and an amended motion to consolidate cases. <u>See</u> Docket No. 4, Docket No. 9, Docket No. 10. On August 14, 2009, the Court denied the motions for injunctive relief and to consolidate cases.

Also on August 14, 2009, Petitioner filed a motion to withdraw his petition for relief, averring to the Court that he has been released from ICE custody and "therefore, his claim for relief has been satisfied." Docket No. 12.

**2. Analysis**

Petitioner avers he has been released from detention. Because the petition for habeas relief attacks only Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. <u>See Picrin-Peron v. Rison</u>, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued detention, can no longer be granted by the Court. Therefore, this habeas action,

alleging his continued detention violates federal law and his constitutional rights, is moot. See <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1065 (9th Cir. 2007); <u>Picrin-Peron</u>, 930 F.2d at 775; <u>Ferry v. Gonzales</u>, 457 F.3d 1117, 1132 (10th Cir. 2006); <u>Soliman v. United States</u>, 296 F.3d 1237, 1243 (11th Cir. 2002).

### 3. Conclusion

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention. There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Jallayou's motion to withdraw his petition be **granted** and the Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil

Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 31st day of August, 2009.

_____
Mark E. Aspey
United States Magistrate Judge